# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCBRIDE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| I.C. SYSTEM, INC., | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| Defendant | ) |
| | ) |

## COMPLAINT

JOHN MCBRIDE ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against I.C. SYSTEM, INC. ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

1

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.    Defendant does business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).


## PARTIES

5.    Plaintiff is a natural persons residing in Pittsburgh, Pennsylvania 15227.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.    In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.    Further, Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.    Defendant is a national debt collection company with its corporate headquarters located at 444 Highway 96 East, St. Paul, Minnesota 55164.

10.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

11.     Further, Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.     At all pertinent times hereto, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

14.     The alleged debt arose out of transactions that were primarily for personal, family, or household purposes.

15.     The debt could not have been business debt, as Plaintiff does not own a business or have any business debt.

16.     Beginning around July 2014 and continuing through August 2014, Defendant placed continuous and repeated debt collection calls to Plaintiff's cellular telephone number in its attempts to collect a consumer debt.

17.     Plaintiff received robo-calls from Defendant, so that when he answered the telephone, he received an automated message.

18.     Plaintiff was unable to speak with a live person at Defendant.

PLAINTIFF'S COMPLAINT

19.    Plaintiff followed the prompts in Defendant's automated system to inform Defendant to stop calling him and to remove his telephone number from their call lists.

20.    Defendant, however, never updated its records to stop the calls to Plaintiff.

21.    Rather, Defendant continued to call Plaintiff.

22.    Each time Defendant called Plaintiff, it knew that he did not want to be contacted, but it did so, as it intended to annoy, abuse and harass Plaintiff.

23.    Because Defendant would not stop calling, despite his repeated attempts to go through its automated system to stop the calls, Plaintiff had to block Defendant's telephone calls so that he would not be disturbed by Defendant's repeated calls.

24.    Most recently, on August 29, 2014, Defendant called Plaintiff on his cellular telephone in its attempts to collect a debt.

25.    Also, within five (5) days of its initial communication with Plaintiff, Defendant failed to send him written notification of his rights to dispute the debt and/or request verification of the debt, as well as information about the alleged debt, including the amount it was seeking to collect as well as the name of the entity that placed the account with Defendant for collection.

26.    To date, Plaintiff is without information about the debt Defendant

PLAINTIFF'S COMPLAINT

was seeking to collect.

27.     Finally, upon information and belief, when contacting Plaintiff, Defendant used an automated telephone dialing system and/or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

28.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes," as specified in 47 U.S.C. § 227(b)(1)(A).

29.     Defendant called Plaintiff, on average, several times a week on his cellular telephone.

30.     When he answered the calls, he would receive an automated message announcing Defendant's name.

31.     Plaintiff did not consent to the placement of collection calls to his cellular telephone by Defendant.

32.     Further, Plaintiff never expressly consented to the placement of telephone calls to his cellular telephone by the use of an automated telephone dialing system and/or artificial voice prior to Defendant's placement of the calls.

## COUNT I
## DEFENDANT VIOLATED THE § 1692c(a)(1) OF
## FAIR DEBT COLLECTION PRACTICES ACT

33.     Section 1692c(a)(1) of the FDCPA states that a debt collector shall not communicate with a consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

Unless a debt collector has information to the contrary, the debt collector shall assume that the convenient time is after 8:00 am and before 9:00 pm.

34.     Defendant violated § 1692c(a)(1) of the FDCPA when it communicated with Plaintiff after Plaintiff told Defendant to cease and desist its telephone calls.


# COUNT II
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

35.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

36.     Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, over a two month period, and continuing to call him after having been told to stop calling him.


# COUNT III
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

37.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

38.     Defendant violated § 1692f of the FDCPA when it failed to update its

records to stop calling Plaintiff, and when it engaged in other unfair and unconscionable conduct.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

### COUNT IV

39.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

41.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

42.     Defendant's calls to Plaintiff were not made for emergency purposes.

43.     Defendant's calls to Plaintiff, after July 2014, were not made with Plaintiff's prior express consent.

44.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

45.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

PLAINTIFF'S COMPLAINT

46.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, JOHN MCBRIDE, respectfully prays for a judgment as follows:

a.     All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.     Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d.     Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. § 227(c)(5)(B); and

e.     Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOHN MCBRIDE, demands a jury trial in this case.


RESPECTFULLY SUBMITTED,


Date: November 13, 2014          By:  /s/ Craig Thor Kimmel
                                     CRAIG THOR KIMMEL
                                     PA Attorney ID No. 57100
                                     Kimmel & Silverman, P.C.
                                     30 E. Butler Pike
                                     Ambler, PA 19002
                                     Phone: (215) 540-8888
                                     Fax: (877) 788-2864
                                     Email: kimmel@creditlaw.com

9